IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| JOSEPH CORNELIUS and FREDDIE TYSON BROOKS, | ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) No. ) |
| NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JOSEPH CORNELIUS and FREDDIE TYSON BROOKS, by and through their attorney, Kenneth G. Mason, and complaining of the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, state as follows:

### COUNT I

1. At all times herein, the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, were and are the owner of real estate located at 225 S. Canal St., Chicago, Illinois.

2. That at all pertinent times, Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, owned,

maintained and operated a public transportation station for AMTRAK railroad trains located at 225 S. Canal St., Chicago, Illinois.

3. That the Plaintiff, JOSEPH CORNELIUS and the Plaintiff, FREDDIE TYSON BROOKS are each residents of the State of Louisiana.

4. That on October 3, 2006, the Plaintiffs, and each of them were present at said premises operated by the Defendants, having arrived by an AMTRAK train from Louisiana to Chicago at approximately 10:00 a.m.

5. That upon debarking said AMTRAK train, Plaintiff, JOSEPH CORNELIUS and the Plaintiff, FREDDIE TYSON BROOKS got on an escalator traveling in an upward direction from the train platform.

6. That at all times material herein, Plaintiff, JOSEPH CORNELIUS was in the exercise of ordinary care and caution for his own safety.

7. That at all pertinent times, Defendants, and each of them, owned, maintained and operated the aforesaid escalator within Chicago Union Station.

8. At all times relevant herein, the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, had a continuous and non-delegable duty to the Plaintiffs to exercise reasonable care and diligence in operating and maintaining its station to prevent injury to the Plaintiffs who were present as invitees of the Defendants.

9. That on October 3, 2006, in derogation of their duties, the Defendants and each of them, maintained and operated their transportation facility under their ownership, control and possession in such a negligent and careless manner that an escalator that Plaintiffs were riding stopped without warning and suddenly restarted throwing the Plaintiffs backwards down the escalator steps.

10. That the Defendants, were then and there guilty of one or more of the following careless, negligent and improper acts and/or omissions:

a) Failed to exercise reasonable care and diligence in providing safe ingress and egress to and from train platforms;

b) Permitted and allowed unsafe and improperly maintained escalators to exist and operate, exposing passengers to unsafe conditions;

c) Failed to adequately inspect, maintain and repair escalators that provide ingress and egress to train platform and tracks;

d) Failed to warn the Plaintiffs of the dangerous condition of its escalators; and

e) Otherwise operated its train station and travel facility in a manner unsafe for passengers, travelers and invitees.

11. That the aforementioned wrongful acts, and/or omissions of the Defendants were the proximate cause of Plaintiff's fall and of the personal injuries as hereinafter mentioned.

12. That as a direct and proximate result of the aforementioned negligent and improper conduct of the Defendants, Plaintiff, JOSEPH CORNELIUS, then and there sustained injuries internally and externally both temporary and permanent.

13. Plaintiff, JOSEPH CORNELIUS, has undergone pain and suffering and will, in the future, undergo additional pain and suffering.

14. Plaintiff has been required to expend monies for necessary medical care, treatment and services and will, in the future, be required to expend additional sums of money for additional medical care, treatment and services.

WHEREFORE, Plaintiff, JOSEPH CORNELIUS, prays for a judgment against the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

1. – 5. Plaintiff, FREDDIE TYSON BROOKS, adopts and re-alleges Paragraphs 1-5 of Count I as Paragraphs 1-5 of this Count II.

6. That at all times material herein, Plaintiff, FREDDIE TYSON BROOKS was in the exercise of ordinary care and caution for her own safety.

7. That at all pertinent times, Defendants, and each of them, owned, maintained and operated the aforesaid escalator within Chicago Union Station.

8. At all times relevant herein, the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, had a continuous and non-delegable duty to the Plaintiffs to exercise reasonable care and diligence in operating and maintaining its station to prevent injury to the Plaintiffs who were present as invitees of the Defendants.

9. That on October 3, 2006, in derogation of their duties, the Defendants and each of them, maintained and operated their transportation facility under their ownership, control and possession in such a negligent and careless manner that an escalator that Plaintiffs were riding stopped without warning and suddenly restarted throwing the Plaintiffs backwards down the escalator steps.

10. That the Defendants, were then and there guilty of one or more of the following careless, negligent and improper acts and/or omissions:

   a) Failed to exercise reasonable care and diligence in providing safe ingress and egress to and from train platforms;
   b) Permitted and allowed unsafe and improperly maintained escalators to exist and operate, exposing passengers to unsafe conditions;
   c) Failed to adequately inspect, maintain and repair escalators that provide ingress and egress to train platforms and tracks;
   d) Failed to warn the Plaintiffs of the dangerous condition of its escalators; and

e) Otherwise operated its train station and travel facility in a manner unsafe for passengers, travelers and invitees.

11. That the aforementioned wrongful acts, and/or omissions of the Defendants were the proximate cause of Plaintiff's fall and of the personal injuries as hereinafter mentioned.

12. That as a direct and proximate result of the aforementioned negligent and improper conduct of the Defendants, Plaintiff, FREDDIE TYSON BROOKS, then and there sustained injuries internally and externally both temporary and permanent.

13. Plaintiff, FREDDIE TYSON BROOKS, has undergone pain and suffering and will, in the future, undergo additional pain and suffering.

14. Plaintiff has been required to expend monies for necessary medical care, treatment and services and will, in the future, be required to expend additional sums of money for additional medical care, treatment and services.

WHEREFORE, Plaintiff, FREDDIE TYSON BROOKS, prays for a judgment against the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, d/b/a CHICAGO UNION STATION COMPANY and THE UNION STATION COMPANY, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Law Offices of Kenneth G. Mason

By: _____
Kenneth G. Mason,
Attorney for Plaintiffs

Kenneth G. Mason
Attorney for Plaintiffs
123 W. Madison St., Ste. 700
Chicago, IL 60602
(312) 372-6969
Atty. No. 24677